IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Robin Lehr,<br><br>        Plaintiff,<br><br>v.<br><br>Select Portfolio Servicing, Inc.; and Trans Union LLC,<br><br>        Defendants. | C/A # |

(511847.989 SMF)

## NOTICE OF REMOVAL

Defendant Select Portfolio Servicing, Inc. ("SPS") hereby removes this action from the Fifteenth Judicial Circuit Court of Common Pleas in Horry County, South Carolina, to the United States District Court for the District of South Carolina pursuant to 28 U.S.C. §§ 1331, 1332, 1367(a), 1441, and 1446.[1]

SPS denies the allegations in the Complaint and files this Notice of Removal without waiving any defenses, motions, exceptions, or rights that may exist in its favor in any Court.

### Grounds for Removal

**I. SPS has satisfied the procedural requirements for removal.**

    **a. SPS has timely filed this Notice of Removal pursuant to § 1446(b).**

Plaintiff Robin Lehr ("Plaintiff") filed the Summons and Complaint on October 16, 2024, in civil action number 2024-CP-26-07078 in the Fifteenth Judicial Circuit Court of Common Pleas. SPS was served with the Summons and Complaints on October 30, 2024, but first received a copy

---

[1] This division is the proper division for removal because the state court action was filed in Horry County, South Carolina. 28 U.S.C. § 1446(a).

of the initial pleadings in this action by email on October 17, 2024. Because SPS files this Notice of Removal within thirty days of receipt of the initial pleadings, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

    **b. SPS has complied with the notice and filing requirements of § 1446(a) and (d).**

Pursuant to 28 U.S.C. § 1446(a), SPS files herewith true and correct copies of the Complaint and all process, pleadings, and other materials filed by Plaintiff in the state court action to date. (*See* copies of all state court filings filed herewith as Exhibit 1.) Additionally, SPS is providing written notice of this removal to Plaintiff and the Clerk of the state court pursuant 28 U.S.C. § 1446(d) promptly after the filing of this Notice of Removal. (*See* Declaration of Service filed herewith as Exhibit 2.) Thus, SPS has timely complied with the procedural requirements for removal.

    **c. SPS has secured consent from the other defendant in this action to removal.**

Defendant Trans Union LLC ("Trans Union"), which, on information, was served with the Summons and Complaint on October 30, 2024, consents to the removal of this action. (*See* copy of Consent to Removal filed herewith as Exhibit 3.)

    **II. The Court has federal question jurisdiction over Plaintiff's claims.**

This action is within the original jurisdiction of the United States District Court for the District of South Carolina based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a) because Plaintiff's claims all arise under federal laws.

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

In the Complaint, Plaintiff has asserted causes of action based on only the following federal laws: the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the bankruptcy discharge injunction under 11 U.S.C. § 524. (Ex. 1, Compl. ¶¶ 25-60.) Because Plaintiff's claims all arise under federal law, this action is properly removable to this Court on the basis of federal question jurisdiction.

### III. The Court has diversity jurisdiction over Plaintiff's claims.

This action is within the original jurisdiction of the United States District Court for the District of South Carolina also based on diversity of citizenship under 28 U.S.C. § 1332(a)(1).

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … [c]itizens of different States…" 28 U.S.C. § 1332(a)(1).

#### a. The parties are completely diverse.

Removal is appropriate because the parties are completely diverse. "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [28 USCS § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). "[T]he 'complete diversity' rule clarifies that the statute authorizing diversity jurisdiction over civil actions between a citizen of a state where the suit is brought and a citizen of another state permits jurisdiction only when no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

### A. Plaintiff is a citizen of Wyoming.

"In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). According to the Complaint, Plaintiff is a resident of Wyoming. (Ex. 1, Compl. ¶ 1.) Therefore, unless Plaintiff is not a United States citizen, he should be deemed a citizen of Wyoming for diversity purposes.

### B. SPS is a citizen of Utah for diversity purposes.

"For the purposes of this section and section 1441 of this title [28 USCS § 1441] … a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business …" 28 U.S.C. § 1332(c)(1).

SPS is a corporation organized under the laws of Utah with its principal place of business in Utah. Therefore, SPS is a citizen of Utah for diversity purposes.

### C. Trans Union is a citizen of Illinois and Delaware for diversity purposes.

Upon information and belief, Trans Union is a Delaware limited liability company with its principal place of business in Chicago, Illinois. However, "[f]or diversity purposes, the citizenship of limited liability companies is determined by the citizenship of its members." *Cent W. Va. Energy Co. v. Mountain State Carbon,* 636 F.3d 101, 103 (4th Cir. 2011). Upon information and belief, Trans Union is a single member limited liability company formed under the laws of Delaware with its principal place of business in Chicago, Illinois, making it a citizen of the States of Delaware and Illinois. Upon information and belief, the single member of Trans Union is TransUnion Intermediate Holdings, Inc., a corporation formed under the laws of the State of Delaware with its

4

principal place of business in Chicago, Illinois, making it a citizen of the States of Delaware and Illinois.

      **a. The amount in controversy requirement is satisfied.**

Although SPS denies Plaintiff's entitlement to any relief, the amount in controversy requirement is satisfied. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Plaintiff's second, fourth, and fifth causes of action for alleged violations of the FCRA are exempt from the amount in controversy requirement. "An action to enforce any liability created under this title [15 USCS §§ 1681 et seq.] may be brought in any appropriate United States district court, <u>without regard to the amount in controversy</u>, or in any other court of competent jurisdiction …" 15 U.S.C. § 1681p (emphasis added).

Likewise, Plaintiff's first cause of action for violation of the FDCPA is exempt from the amount in controversy requirement. "An action to enforce any liability created by this title [15 USCS §§ 1692 et seq.] may be brought in any appropriate United States district court <u>without regard to the amount in controversy</u>, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d)(emphasis added).

Plaintiff's third cause of action for civil contempt for violation of the bankruptcy discharge injunction under 11 U.S.C. § 524 seeks sanctions against SPS "in an amount sufficient to compensate Plaintiff for damages, costs, and attorney's fees, and to deter further wrongful conduct by [SPS]." (Compl. ¶ 46.)

SPS contends that there is no independent private right of action for a violation of the bankruptcy discharge injunction and the Court should therefore disregard Plaintiff's third cause of

action for purposes of determining the existence of diversity jurisdiction. *Guthrie v. PHH Mortg. Corp.*, 79 F.4th 328, 340-41 (4th Cir. 2023), *certiorari denied*, 144 S. Ct. 1458 (April 29, 2024)("While there is not a private cause of action for violating the injunction, a bankruptcy court may, under § 105, impose contempt of court sanctions."); *Roberts v. TD Bank*, No. 6:13-809-HMH-JDA, 2013 U.S. Dist. LEXIS 57659, at *6 (D.S.C. Mar. 27, 2013)("[T]here is no private right of action for a creditor's or debt collector's violation of a discharge order issued by a bankruptcy court.").

But even if Plaintiff's third cause of action was valid, the amount of a monetary award for a violation of the discharge injunction would be completely left to the discretion of the Court and there is a reasonable probability that sanctions, actual damages, costs, and attorney's fees could exceed $75,000.00 in this action. *See In re Daniels*, 657 B.R. 819, 826 (Bankr. D.S.C. 2024)(awarding coercive sanctions, actual damages, punitive damages, and attorney's fees for violation of the discharge injunction).

For these reasons, the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

**IV. Request for briefing and oral argument.**

If any question arises as to the propriety of the removal of this matter, SPS respectfully requests the opportunity to present briefs, oral argument, and, if necessary, affidavits and other evidence in support of its position that removal is proper. *See Dart Cherokee Basin Operating Co., LLC,* 574 U.S. at 88–89 (2014); *Ellenburg v. Spartan Motors Chassis, Inc.,* 519 F.3d 192, 199 (4th Cir. 2008).

**Conclusion**

For the reasons set forth above, SPS removes this matter from the Court of Common Pleas for the Fifteenth Judicial Circuit in Horry County, South Carolina, to the United States District Court for the District of South Carolina, Florence Division, pursuant to 28 U.S.C. §§ 1331, 1332, 1367(a), 1441, and 1446.

                        Respectfully submitted,

                        *s/ Sean M. Foerster*
                        Sean M. Foerster (Fed. I.D. # 10396)
                        ROGERS TOWNSEND LLC
                        1221 Main Street, 14th Floor (29201)
                        Post Office Box 100200
                        Columbia, South Carolina 29202-3200
                        (803)771-7900
                        sean.foerster@rogerstownsend.com

                        Attorneys for Defendant Select Portfolio Servicing, Inc.

November 15, 2024