**EXHIBIT 1**
[State Court Pleadings]

ELECTRONICALLY FILED - 2024 Oct 16 2:44 PM - HORRY - COMMON PLEAS - CASE#2024CP2607078

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF HORRY | FIFTEENTH   JUDICIAL CIRCUIT |
| Robin Lehr, | |
|          Plaintiff, | |
| -vs- | Case No. |
| Select Portfolio Servicing, Inc. and Trans Union LLC, | **SUMMONS** |
|          Defendants. | |

TO:     THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at P.O. Box 11865, Columbia, South Carolina 29211, within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint.  If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield
_____
Dave Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: October 16, 2024

ELECTRONICALLY FILED - 2024 Oct 16 2:44 PM - HORRY - COMMON PLEAS - CASE#2024CP2607078

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF HORRY | FIFTEENTH JUDICIAL CIRCUIT |
| Robin Lehr, | |
| Plaintiff, | **COMPLAINT** |
| -vs- | (Jury Trial Requested) |
| Select Portfolio Servicing, Inc. and Trans Union, LLC, | |
| Defendant. | |

Plaintiff, complaining of the Defendants above named, would respectfully show as follows:

## JURISDICTION

1. The State of Residence of Plaintiff is Wyoming, but this action concerns his former real property in Horry County, South Carolina.

2. Select Portfolio Servicing, Inc. ("SPS") is a mortgage servicer with its headquarters and its nerve center located in the state of Utah.

3. Trans Union, LLC ("Trans Union") is a foreign corporation with its principal place of business, "nerve center" and headquarters in the State of Illinois.

4. This Court has jurisdiction over the parties and subject matter of this action and venue is proper.

## FACTUAL ALLEGATIONS

5. Plaintiff formerly owned a home located at 8870 Highway 814, Myrtle Beach, South Carolina, upon which Defendant's predecessor, BB&T, held a mortgage loan.

1

6. On January 3, 2018, Plaintiff Robin Lehr's debts, including a mortgage previously held by BB&T, were discharged in a Chapter 7 bankruptcy proceeding (Case No. 17-04854-dd) which by law discharged Plaintiff's liability on the note and mortgage.

7. Thereafter, Plaintiff moved from the home and had no further legal interest in it.

8. Despite this discharge, in or around August 2024, Select Portfolio Servicing (SPS), after acquiring default servicing rights presumably, began – more than 6 years after Plaintiff's discharge – to report the discharged mortgage debt as an open and delinquent account to credit reporting agencies, including Trans Union.

9. SPS reported the account as being more than 150 days late, with a balance of $108,741 owed, with no mention of bankruptcy, and further misreported that the "first delinquency" by Plaintiff was March 2, 2024.

10. On or about August 17, 2024, Plaintiff became aware of this false reporting when notified by a credit monitoring service.

11. Plaintiff promptly disputed the inaccurate information with SPS, providing them with a copy of the bankruptcy discharge order.

12. Despite receiving clear evidence of the bankruptcy discharge, SPS refused to correct the inaccurate reporting

13. On or about September 21, 2024, an SPS representative named Ryan (ext. 52847) informed Plaintiff that if the dispute "was not resolved by that date, an attorney would become involved, implying potential legal action against Plaintiff for a discharged debt."

14. Plaintiff disputed the debt to the CRA's additionally, including Defendant Trans Union.

15. Trans Union failed to conduct a reasonable investigation into Plaintiff's dispute and continued to report the inaccurate information provided by SPS.

16. As a direct result of the false reporting by SPS and Trans Union's failure to correct it, Plaintiff suffered significant damage to their credit profile, including:

ELECTRONICALLY FILED - 2024 Oct 16 2:44 PM - HORRY - COMMON PLEAS - CASE#2024CP2607078

  a. On August 23, 2024, Synchrony Bank closed Plaintiff's DISCOUNT TIRE/SYNCHRONY CAR CARE account, citing "Delinquent Or Derogatory Real Estate Secured Loan" as one of the reasons;

  b. On August 28, 2024, Synchrony Bank lowered the credit limit on Plaintiff's Harbor Freight Tools Credit Card;

  c. On September 10, 2024, Synchrony Bank closed Plaintiff's Lowe's account, again citing the derogatory mortgage information;

  d. On September 25, 2024, Capital One lowered the credit limit on Plaintiff's Quicksilver account;

17. The actions of SPS and Trans Union have caused Plaintiff's credit utilization to increase from 20% to 80%, severely damaging their credit score and financial standing and depriving him of the legally mandated fresh start provided by the Bankruptcy Code.

18. Plaintiff has suffered emotional distress, damage to their creditworthiness, and financial harm as a result of Defendants' actions.

19. The wrongful acts of the Defendants described herein caused concrete and particularized harms and losses, including invasion of privacy, harm to credit, credit denials and adverse credit changes, and such other harms and losses as may be shown at trial.

20. Defendants must pay all sums needed to compensate for all harms and losses proximately caused by the wrongful acts described herein, to return Plaintiff to the position enjoyed prior to wrongful injury.

21. For those harms and losses that are reasonably expected to continue into the future, Defendants must compensate for their expected continuing impact and effect,

22. Additionally, due to the intentional or reckless nature of the wrongful acts described herein, Defendants must be required to pay nominal or symbolic damages, as well as punitive damages to punish said conduct, and deter its reoccurrence in the future.

23. Defendants must further be required to pay attorney's fees and costs, as well as the penalties mandated by its violation of important statutory rights referenced below.

ELECTRONICALLY FILED - 2024 Oct 16 2:44 PM - HORRY - COMMON PLEAS - CASE#2024CP2607078

24. All of the harms and losses caused by Defendants are likely to be redressed by a favorable judicial decision, through an award of the above damages, assessment of fines and punitive damages, an award of attorney's fees and all litigation costs, and injunctive relief.

## FOR A FIRST CAUSE OF ACTION AS TO SPS
### (Violation of FDCPA, 15 USC §1692)

25. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent herewith.

26. The definition of consumer contained in the Act (or judicial interpretations of same) applies to Plaintiff.

27. The definition of "debt collector" contained in the Act (or judicial interpretations of same) applies to Defendant.

28. The conduct of Defendant involves an attempt to collect a "debt" as the Act defines it.

29. Attempts to collect debts alleged to be due another are made regularly by Defendant.

30. Defendant violated the Act in the following particulars, and such others as may be shown at trial:

    a. Defendant communicated with the Plaintiff after knowing of representation by an attorney with regard to the subject debt, in violation of 15 U.S.C. § 1692b(6).

    b. Defendant falsely represented of (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

    c. Defendant falsely represented or threatened to take any action that cannot legally be taken or that is not intended to be taken.

    d. Defendant communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that the debt is disputed.

ELECTRONICALLY FILED - 2024 Oct 16 2:44 PM - HORRY - COMMON PLEAS - CASE#2024CP2607078

4

  e. Defendant used any false representation or deceptive means to collect or attempt to collect any debt, or to obtain information concerning the Plaintiff.

  f. Defendant collected or attempted to collect amounts (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the debt or permitted by law.

31. As a direct and proximate result of the above wrongful acts and such others as may be shown at trial, damages were inflicted upon Plaintiff.

32. Judgment should be granted judgment against Defendantsfor actual damages as well as such penalties and attorney fees as are authorized by statute, and such other relief as is just and proper.

## FOR A SECOND CAUSE OF ACTION AS TO SPS

**(Violation of 15 USC §1681s-2(b), Failure to Conduct Proper Investigation)**

33. The above allegations are repeated and realleged herein as if set forth verbatim, to the extent not inconsistent with the allegations of this cause of action.

34. The definition of a "furnisher of information" contained in the Fair Credit Reporting Act, as amended, applies to the Defendant.

35. After being notified by the Plaintiff and the consumer reporting agencies that derogatory information was disputed by the Plaintiff, Defendant failed to conduct timely or proper investigations of the disputed information as required by 15 U.S.C. 1681s-2(b).

36. Thereafter, Defendant negligently and willfully re-reported inaccurate information to the consumer reporting agencies, thereby violating the provisions of the Fair Credit Reporting Act regarding reinvestigation.

37. Defendant further failed to note in its reporting that the account was "disputed" as required.

38. The action and inaction of Defendant, as described herein, caused great and irreparable injury to Plaintiff.

ELECTRONICALLY FILED - 2024 Oct 16 2:44 PM - HORRY - COMMON PLEAS - CASE#2024CP2607078

39. Defendant maliciously and/or with willful intent to injure, defamed Plaintiff and invaded the legitimate expectation of privacy of the Plaintiff.

40. In addition to actual or compensatory damages, a judgment should be granted to Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages under state law, and/or for willful violations of the provisions of the Fair Credit Reporting Act or other applicable federal laws.

### FOR A THIRD CAUSE OF ACTION AS TO SPS
**(Civil Contempt for Violation of Discharge Injunction)**

41. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with this cause of action.

42. Plaintiff reallege and incorporate the allegations contained elsewhere herein to the extent not inconsistent with the allegations of this Cause of Action.

43. The conduct of Defendant in attempting to collect a debt from Plaintiff, as described above, which occurred following the discharge of the Plaintiff from liability thereon.

44. The above actions violate the discharge injunction given under 11 U.S.C. 524.

45. As a direct and proximate result of the conduct of Defendant Plaintiff suffered harm.

46. Based thereon, this Court should find Defendant in willful contempt, and issue an order sanctioning Defendant in an amount sufficient to compensate Plaintiff for damages, costs, and attorney's fees, and to deter further wrongful conduct by Defendant.

### FOR A FOURTH CAUSE OF ACTION AS TO TRANS UNION
**(Negligent Noncompliance with FCRA)**

47. The allegations contained hereinabove are repeated as if fully alleged verbatim, to the extent not inconsistent with this cause of action.

48. Defendant prepared and furnished credit reports on Plaintiff that contain false information.

6

ELECTRONICALLY FILED - 2024 Oct 16 2:44 PM - HORRY - COMMON PLEAS - CASE#2024CP2607078

49. Plaintiff notified Defendant of the reporting false information, disputed that information, and asked Defendant to correct it.

50. Despite those disputes, Defendant continued to report false information.

51. Upon information and belief, the reporting is at present false and incorrect.

52. Defendant negligently failed to comply with the requirements of the FCRA, including but not limited to the requirements contained in 15 U.S.C. §1681b, §1681c-2, §1681e and §1681i.

53. As a result of the above failure to comply with the requirements of FCRA, Plaintiff suffered and will continue to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with normal and usual activities, for which damages should be awarded in an amount to be determined by the jury.

54. The Court should further award attorney fees pursuant to 15 U.S.C. §1681o(a).

**FOR A FIFTH CAUSE OF ACTION AS TO TRANS UNION**
**(Willful Noncompliance with FCRA)**

55. The allegations contained hereinabove are repeated as if fully alleged verbatim, to the extent not inconsistent with this cause of action.

56. Defendant prepared and furnished credit reports on Plaintiff that contains false information.

57. Plaintiff notified Defendant that of the reporting of false information, disputed that information, and asked Defendant to correct it.  Despite those disputes, Defendant continued to report false information.

58. Defendant willfully failed to comply with the requirements of FCRA.

59. As a result of the above willful violations of the FCRA, judgment should be granted for

7

actual, statutory and punitive damages.

60. The Court should further award attorney fees pursuant to 15 U.S.C. § 1681n(a).

## PRAYER FOR RELIEF

WHEREFORE, the prayer of the Plaintiff judgment in an amount sufficient to compensate Plaintiff for actual damages, together with punitive damages, statutory damages, such interest as is allowable by law, costs, attorney's fees, and such other relief as is just and proper.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield
_____
Dave Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

October 16, 2024

ELECTRONICALLY FILED - 2024 Oct 16 2:44 PM - HORRY - COMMON PLEAS - CASE#2024CP2607078